LOTTINGER, Judge.
This is a suit, sounding in tort, by petitioner Bryant Y. Dowden, Jr., an emancipated minor, for damages sustained as a result of a three-car collision. The defendants are Alfred LeBlanc, Jr., his insurer, Audubon Insurance Company, Charles So-tile, his insurer, American Casualty Company, and Gulf Union Casualty Company, which is alleged to be an additional insurer of the Sotile vehicle. The Lower Court awarded judgment in favor of petitioner and against Alfred LeBlanc, Jr., and Audubon Insurance Company, Charles M. Sotile and American Casualty Company. The Court found that the alleged policy with Gulf Union Casualty Company had terminated prior to the date of the accident and the suit, as against said defendant, was dismissed.
This suit is one of eight suits which have been appealed before this Court and which have resulted from the alleged accident. In our master opinion of this day in the suit entitled Poirrier v. Audubon Insurance Company, La.App., 120 So.2d 90, we went into a lengthy discussion as to the details of the accident and the negligence, or lack of negligence, of the numerous parties. We found the sole cause of the accident to be the negligence of defendant Alfred LeBlanc, Jr., and, therefore held him and his insurer, Audubon Insurance Company, liable jointly and severally, and dismissed the suits as against the other defendants.
As to the quantum allowed Bryant Y. Dowden, Jr. by the Lower Court, the record reflects that he was most seriously injured as a .result of the accident. When young Dowden was admitted to the hospital, he was believed to be dead. Because of his critical condition, he was initially treated only with the view of keeping him alive. He suffered a crushed chest which caused collapse of his right lung making it extremely difficult for him to breathe. He was placed under oxygen for a period of eleven days and his crushed chest was raised to facilitate breathing. This was done by use of devices known as towel clamps which grasp the ribs without cutting or piercing the skin. The clamps are then connected to wires or ropes attached to an over-head traction device, and the chest wall is lifted to relieve pressure on the crushed lung. Young Dowden additionally suffered fractures of the first, second and third lumbar vertebra, complete fracture of the tenth dorsal vertebra and severe brush burns and contusions of the face. He was in the hospital a total of thirty-one days, the first period being from the date of the accident until July 21, 1957, on which date he was fitted for a back brace. He was again hospitalized from August 5th to August 15th, 1957, for plastic surgery to his chin and forehead. Dr. Rhodes J, Spedale, who treated Dowden since the accident, testified that, although his recovery was remarkable, hé is still disabled-The doctor was of the opinion that it would *108 be at least one more year before it could be finally determined whether or not young Dowden would be permanently disabled.
Young Dowden has worn the brace prescribed almost continuously since the accident. It is a source of annoyance and is uncomfortable, particularly during warm weather. He has a two-inch scar over his left eye brow and a fish hook scar on his chin. A pinched nerve causes him to experience a burning sensation on his entire right side whenever he is touched on that part of his anatomy, which feeling he compares to the touch of a hot iron. He has lost the sense of feeling on three toes on his right foot, and his back pains him almost continuously, which pain is aggravated upon exercising or working. He stated that his back was still weak at the time of the trial, and he was still under the treatment of Dr. Spedale.
At the time of the accident, young Dow-den was twenty years old. He has since then been emancipated by marriage. In view of his very serious and painful injuries, the Lower Court awarded him judgment in the sum of $25,000, plus special damages of $2,467.30. The record indicates that such award was correct, and that it will be maintained.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed insofar as it awards judgment in favor of Bryant Y. Dowden, Jr., and against defendants, Alfred LeBlanc,', Jr. and Audubon Insurance Company, jointly and severally in the sum of $27,467.30, together with legal interest thereon from date of Judicial demand until paid, with costs of Court, however, said judgment will be amended so as to provide that, of said amount, the Audubon Insurance Company shall be liable in the principal sum of $2,750.78. The judgment below will be amended, so as to dismiss the suit as against Charles M. Sotile and American Casualty Company, as well as the other defendant, Gulf Union Casualty Company.
Amended and affirmed.